THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>SEAN MICHAEL HARRUM,<br><br>Debtor. | CHAPTER 13<br><br>CASE NO. 2-20-bk-00322-PS<br><br>**STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN** |

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the First Plan ("Plan") of the Debtors as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) Future Earnings or Income. Debtors shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| 1-6 | $1,145 |
| 7-60 | $1,152 |

The payments are due on or before the 9th day of each month commencing February 9, 2020. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured

- 1 -

before the plan is deemed completed.

The Debtors shall provide to the Trustee copies of their **federal** and **state** income tax returns for post-petition years 2019 - 2023 within 14 days of filing them.

(2) Other Property. In the event that other property is submitted, it shall be treated as supplemental payments.

(B) **DURATION.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay secured creditors or allowed claims in the following order:

(1) <u>Administrative expenses</u>:

<u>Attorney Fees.</u> Tom McAvity, shall be allowed total compensation of $4,500. Counsel received $50 prior to filing this case and will be paid $4,450 by the Chapter 13 Trustee.

(2) <u>Claims Secured by Real Property</u>:

(a) Creditor US Bank, secured by a first deed of trust in Debtor's residence shall be paid pre-petition arrears of $4,340.06 and $200 post-petition fees, with 0% interest.

(b) Conduit mortgage payments shall be paid by the Trustee beginning in February 2020. The Trustee will disburse the mortgage conduit payments for the duration of the Plan, unless otherwise ordered. For any month when the funds on hand in the case are insufficient to allow the payment of a full conduit payment and any adequate protection payments on personal property that have become due, the

- 2 -

In re Harrum
Case No. 2-20-bk-00322-PS

Trustee will pay the conduit payment on the next disbursement date when the Debtor's case has sufficient funds to pay a full conduit payment.

(c) If and when a Notice of Payment Change is received, the Trustee will adjust the Plan payment to reflect the decrease or the increase in the mortgage payment. The Trustee is authorized to disburse the new mortgage conduit payment without seeking an Order of the Court or a modification of the Plan.

(d) If US Bank files any notices for post-petition fees and expenses, within 21 days of the notice, the Debtor will remit an amended SOC to the Trustee. The amended SOC must provide for payment of the additional expenses, plus trustee fee, and increase plan yield accordingly.

(e) Westfield HOA secured by a statutory lien in the Debtor's residence for homeowner association dues, shall be paid the prepetition arrearage of $822.27 with interest at the rate of 12% per annum. All post-petition HOA dues shall be paid directly by the Debtors to Westfield HOA.

(3) <u>Claims Secured by Personal Property</u>:

(a) Santander Consumer USA, secured by a lien in 2010 Scion XD, shall be paid a secured claim of $7,863.63 with 6% interest. The creditor will receive adequate protection payments of $100 per month. The balance of the debt shall be classified as unsecured.

(4) <u>Unsecured Priority Claims</u>:

(a) None.

(5) <u>Surrendered Property</u>:

Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

In re Harrum
Case No. 2-20-bk-00322-PS

Case 2:20-bk-00322-PS    Doc 41    Filed 08/25/20    Entered 08/25/20 11:23:10    Desc
Main Document      Page 3 of 4

(a) None.

(6) <u>Other Provisions:</u> None.

(7) <u>Unsecured Nonpriority Claims.</u> Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

**(D) EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

**ORDER SIGNED ABOVE**

Approved as to Form and Content By:

_____
Russell Brown, Trustee

_____
Tom McAvity
Attorney for Debtors

The Debtors certify: All required State and Federal Income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

_____
SEAN MICHAEL HARRUM
Debtor

- 4 -

In re Harrum
Case No. 2-20-bk-00322-PS